NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0807n.06
Filed: November 19, 2007

Case No. 05-5772

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| FERLIN SAMS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| UNITED STATES OF AMERICA, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: BATCHELDER, COLE and GRIFFIN, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Ferlin Sams, a pro se federal prisoner, appeals

the district court's denial of his 28 U.S.C. § 2255 motion to vacate sentence. For the following

reasons, we AFFIRM.

In 2002, Sams pled guilty to conspiracy to manufacture less than fifty grams of a mixture or

substance containing methamphetamine, in violation of 21 U.S.C. § 846, possession of a firearm

during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and

forfeiture of assets, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461. Sams agreed to waive

his statutory right to appeal his guilty plea and conviction; he also waived his right to attack

collaterally his guilty plea and conviction. He did not waive his right to appeal his sentence.[1] Under

---

[1]We rely on the magistrate judge's Report and Recommendation for this information because the parties did not include Sams's plea agreement in the joint appendix.

the then-mandatory Guidelines, the district court sentenced Sams to 106 months' imprisonment and entered judgment on January 22, 2003. Although the sentencing court notified Sams of his limited right to appeal, Sams did not file a direct criminal appeal. His conviction and sentence, therefore, became final ten days later.

On July 15, 2004, Sams, acting pro se, filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, alleging, *inter alia*, that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). The magistrate judge recommended that the district court deny Sams's petition because (1) § 2255's one-year limitation period barred Sams's motion, (2) in his plea agreement, Sams expressly waived the right to appeal and collaterally attack his conviction, (3) Sams procedurally defaulted his sentencing claim because he did not file a direct appeal, and (4) *Blakely* is not retroactively applicable on collateral review.

Prior to the district court's reviewing the magistrate judge's Report and Recommendation, Sams requested a delay pending the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Following *Booker*, Sams submitted a memorandum of law in support of his § 2255 motion. The district court denied Sams's § 2255 motion, adopting the findings in the magistrate judge's Report and Recommendation and concluding that *Booker* is not retroactively applicable on collateral review. This court granted Sams a certificate of appealability "with respect to Sams's claim that his sentence violates the Supreme Court's rulings in *Blakely* and *Booker*."

On appeal, Sams argues that he is entitled to a new sentencing hearing because the district court violated the Sixth Amendment when it imposed his sentence. Sams also argues that our recent decision in *Nichols v. United States*, 501 F.3d 542 (6th Cir. 2007), mandates habeas relief because

his trial counsel did not raise an *Apprendi* argument[2] at sentencing.

After a *de novo* review of the record, applicable law, and the parties' briefs, we hold that the district court correctly concluded that Sams may not raise a *Booker* challenge in his collateral proceedings. *See Valentine v. United States*, 488 F.3d 325, 329 (6th Cir. 2007) ("*Booker* created a 'new rule' that could not be raised by defendants whose convictions became final at any time prior to *Booker*'s January 12, 2005, issuance.").

Our recent decision in *Nichols* is inapposite here. In *Nichols*, the petitioner filed a § 2255 motion "arguing that his counsel was ineffective for failing . . . to argue that the enhancements to his then-mandatory Guidelines range violated the Sixth Amendment, as was later decided by the Supreme Court in *Booker*." *Nichols*, 501 F.3d at 543. "Because *Apprendi* cast the constitutionality of the Federal Sentencing Guidelines into considerable doubt, and because the enhancements to Nichols's Guidelines range directly presented circumstances that were called into question by *Apprendi*, . . . Nichols's counsel was constitutionally ineffective for failing to preserve a Sixth Amendment challenge to his sentence." *Id*. at 548.

Sams, however, did not file a direct appeal, nor did he raise an ineffective assistance of counsel claim in his § 2255 motion. Instead, he filed his § 2255 motion on the grounds of *Blakely/Booker* error by the sentencing court. He did *not* contend that his sentence should be vacated because his counsel was ineffective for failing to argue that the then-mandatory Guidelines violated the Sixth Amendment, and we will not entertain that argument now.

Accordingly, we **AFFIRM** the district court's denial of Sams's § 2255 motion to vacate

---

[2]The sentencing court did not enhance Sams's sentence based upon facts not found by the jury or admitted by Sams. The district court did, however, sentence Sams under the then-mandatory Guidelines.

sentence.